Juan Solá González, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 752.  Submitted March 18, 1929.—Decided April 26, 1929.

*A. L. López* for the appellant.

Mr. Justice Texidor delivered the opinion of the court.

Juan Solá González and his wife, Manuela Flores, brought a civil action for damages in the District Court of Humacao against Isabel Polanco and the succession of José Garrido Farizo composed, as appears from the documents presented, of Antonio Garrido Bartolomé, Vicenta Farizo and María Puig.

It appears from the documents copied into the deed to which this appeal refers that on December 14, 1927, by virtue of a motion for judgment and a stipulation of the parties set forth in the stenographic record the court approved the settlement made by the parties and rendered judgment for the sum of $1,500 (*sic*) which should be paid to the plaintiffs by the judicial administrator of the estate of José Garrido Farizo, deceased, and also for the usufruct of a lot on Acosta street of Caguas.  After the judgment became final the plaintiffs moved for and obtained a writ of execution, which is copied into the deed involved herein, ordering the marshal of the District Court of Humacao to collect from the personal

property of the debtor the sum of $1,500 with interest and the costs, and if the personal property should not be sufficient, to execute on real property.

As said in the deed sought to be recorded, the marshal published in the newspaper *La Democracia* notice of the sale of the property previously levied on and on the day set sold a house in Caguas described in the report of the sale transcribed in the said deed to Juan Solá González and Manuela Flores Solá, and executed the deed before notary Francisco González Jr. on July 9, 1928. On presentation for record in the registry of the first copy of the said deed, the registrar made the following decision:

"Record of the preceding document is denied and a cautionary notice is entered instead for the statutory period of 120 days in the name of the purchaser, Juan Solá González, on page 126 of volume 131 of Caguas, property No. 1013 triplicate, entry letter 'd', because the judgment leading up to the execution was rendered by virtue of the settlement of a certain suit and it does not appear from the document whether the defendants in the said suit had been duly summoned and especially as one of the defendants is the succession of José Garrido Farizo said to be composed of his widow, María Puig, and Antonio Garrido and Vicente Farizo, there is nothing in the document to show that those persons constituted at the time of the judgment the succession of José Garrido or what persons were summoned in order to determine whether the court had jurisdiction, and as the judicial administrator of the estate of José Garrido is ordered by the said judgment to pay fifteen hundred dollars as the amount thereof notice of the said judgment does not appear to have been served on the judicial administrator for him to effect the payment, and moreover the property under execution has not yet been recorded in the name of the defendant succession, which cautionary notice was entered with the curable defect that the contract has not been accepted legally for failure to show the capacity as verbally appointed agent of Rufo Reyes to represent Juan Solá González in the execution of the foregoing instrument."

The present appeal was taken from that decision.

Before going into a consideration of other reasons it should be stated that the appellant expressly admits (p. 6

of his brief) the lack of previous record of the property in favor of the defendant heirs and that the deed had not been accepted legally.

The failure of the deed to show, as found by the registrar, whether the defendants had been duly summoned in the action is not a defect judging from the documents copied into the deed. It appears from them that the heirs of José Garrido Farizo were before the court by a judicial administrator who has acted in the negotiation. The presumption is that the law has been observed and complied with and that the usual course has been followed in the appointment and conduct of the administrator. It is not necessary to present in the registry the complete record of each case and to submit to the judgment of the registrar the whole proceeding before the court. If it should appear from the documents presented that the court acted without jurisdiction, or that the procedure was not what the law determines, the registrar may deny the record; but it should not be forgotten that section 18 of the Mortgage Law does not transform the registrars into judges of the judges, and its text indicates the scope of the powers of the official in charge of the registry. The qualification of deeds and documents is made, as said in the first paragraph of that section, *"upon the facts that appear from said instruments themselves."* (Italics ours.) And that of judicial documents follows the general rule. Section 65 of the Mortgage Law gives the following definition of defects:

"Curable defects shall be those which affect the validity of an instrument without necessarily producing the nullity of the obligation therein constituted.

"Incurable defects shall be such as necessarily render the obligation null and void."

Section 110 of the Regulations is still clearer, as follows:

"Art. 110. In order to distinguish curable defects from those which are not, and to enter or not a cautionary notice by virtue thereof, according to the provisions of articles 65 and 66 of the law, the registrar shall consider the validity of the obligation the subject

of the instrument. If such obligation should be void on account of its nature, conditions, the capacities of the parties thereto or a similar cause independent of its extrinsic form, the defect shall be considered incurable. If the obligation should be valid, in view of the said circumstances, and the defect should be merely in the external form of the document containing it, which can be amended or rewritten at the will of the persons interested in the record, the defect shall be considered curable.''

If the obligation, as shown by the deed, is void, it should be considered as incurable. But it should be noticed that it must appear from the deed. There is a difference between the right to qualify and to refuse to record from what appears in itself to be void and the right to demand inquiries where no nullity appears from the face of the instrument presented.

These holdings are not in conflict with those of this court in other cases.

In *Colón* v. *Registrar,* 22 P.R.R. 510, this court upheld the doctrine that the registrar should determine as regards legality and capacity from what appears from the deeds themselves, in attention not only to the deed of purchase and sale, but also to the powers of attorney which accompanied it.

In *González* v. *Registrar,* 23 P.R.R. 750, was established the extent of the power of registrars to pass upon orders of courts by limiting them to an examination of the nature of the order, the action and the procedure and as to whether the court had jurisdiction, citing the cases of *Crehore* v. *Registrar,* 22 P.R.R. 598; *Ortiz* v. *Registrar,* 22 P.R.R. 316, and others.

Those powers are still more limited in the cases of *Delgado* v. *Registrar,* 25 P.R.R. 450, and *Virella* v. *Registrar,* 25 P.R.R. 705. In the former the registrar said in his decision that the witnesses in a possessory title proceeding failed to produce documentary evidence of their ownership and this court held, conformable to the doctrine of the Directorate of Registries of Spain, that the determination of the capacity and circumstances of the witnesses is not the province of the

registrar, but of the judge. In the latter case it was held that the registrar has no authority to inquire into the grounds of judicial decisions.

In *Caballero* v. *Registrar*, 35 P.R.R. 564, although the decision of the registrar was affirmed, it was held that a registrar has no power to review questions of fact or of law determined by the court. This doctrine accords with that laid down in *Cintrón* v. *Registrar*, pp. 737 *et seq.* of the same volume, in which it was held that the registrar may decide whether the court had jurisdiction of the subject matter, on the nature and effect of its order, whether it was made in the proper proceeding and whether the essential procedure and rules for the validity of the deed had been followed.

In treating this matter Morell in his Legislación Hipotecaria, vol. 2, p. 246, vol. XX, Biblioteca Jurídica de Autores Españoles, says:

"In executory judgments, if known as such, there is no place, therefore, for determination by registrars, who must limit themselves to compliance with them (decisions of June 8, 1905, February 23, 1906, and April 30, 1909), unless in case of mere defects of form or of obstacles appearing from the Registry (decisions of October 20, 1899, and July 5, 1900, and the judgment of July 23, 1914)."

It seems that what is cited as a judgment of July 23, 1914, is a decision of the General Directorate of Registries, in which it is held that as regards orders of an executory nature registrars are not allowed to pass upon them, but only to inquire into the nature of the proceeding and oppose the obstacle appearing from the registry regarding third persons.

For the foregoing reasons we are of the opinion that the decision of the registrar should be reversed as to that part thereof where reference is made to the fact that it does not appear from the suit that summons had been served on certain defendants who, as shown by the deed were before the court, and as to the failure of the instrument to show that those persons constitute the succession of José Garrido.

It does not appear from the document that the admin-

istrator had been given notice of the judgment. But it is a fact that it appears from the writ that the judgment was final, and this could not be the case unless the parties had been notified previously; except that the judgment was rendered by virtue of a settlement between the parties and within its terms.

The decision of the registrar appealed from is reversed, except in so far as it refers to the lack of a previous record of the property and to the curable defect that the party in interest had not accepted the deed.

Mr. Chief Justice Del Toro took no part in the decision of this case.